IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
Western Division

| | |
|---|---|
| INTERNATIONAL PAPER COMPANY, | ) |
| | ) |
| INTERNATIONAL PAPER COMPANY SALARIED SAVINGS PLAN, | ) |
| | ) |
| PLAN ADMINISTRATOR, INTERNATIONAL PAPER COMPANY SALARIED SAVINGS PLAN, | ) |
| | ) |
| INTERNATIONAL PAPER COMPANY RETIREE MEDICAL SAVINGS PROGRAM, and | ) |
| | ) |
| PLAN ADMINISTRATOR, INTERNATIONAL PAPER COMPANY RETIREE MEDICAL SAVINGS PROGRAM, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. _____ |
| | ) |
| TOMMY RICHMOND, | ) |
| | ) |
| COURTNEY PAIGE MELVIN, | ) |
| | ) |
| AMANDA TAYLOR MELVIN, | ) |
| | ) |
| RUSSELL C. MELVIN, in his individual capacity, and as executor of the estate of Paige A. Melvin, | ) |
| | ) |
| and | ) |
| | ) |
| WAYNE BOCKMON, | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT IN INTERPLEADER**

Plaintiffs International Paper Company; International Paper Company Salaried Savings

Plan; Plan Administrator, International Paper Company Salaried Savings Plan; International

Paper Company Retiree Medical Savings Program; and Plan Administrator, International Paper

1

39831148.v1

Company Retiree Medical Savings Program, by and through their undersigned counsel and pursuant to Rule 22 of the Federal Rules of Civil Procedure, state as follows for their claim for interpleader:

**Parties**

1.Plaintiff International Paper Company Salaried Savings Plan ("Savings Plan") is a defined contribution profit-sharing and stock bonus plan, which includes a qualified cash or deferred arrangement under Internal Revenue Code Section 401(k), and is maintained pursuant to and governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, *et seq.*

2.Plaintiff International Paper Company Retiree Medical Savings Program ("Retiree Medical Savings Program") is an employee welfare benefit plan maintained pursuant to and governed by ERISA.

3.Plaintiff Plan Administrator, International Paper Company Salaried Savings Plan is the administrator of the Savings Plan.

4.Plaintiff Plan Administrator, International Paper Company Retiree Medical Savings Program is the administrator of the Retiree Medical Savings Program.

5.Plaintiff International Paper Company ("International Paper") is a corporation organized under the laws of the State of New York, and has its principal place of business in Memphis, Tennessee.

6.International Paper sponsors and/or maintains the Savings Plan, the Retiree Medical Savings Program, and the International Paper Company Performance Share Plan ("Performance Share Plan"), which provides performance-based restricted stock units to eligible

participants and is governed by the International Paper Amended and Restated 2009 Incentive Compensation Plan ("Incentive Compensation Plan").

7. The Savings Plan, Retiree Medical Savings Program, Incentive Compensation Plan and Performance Share Plan are administered in Memphis, Tennessee.

8. Paige A. Melvin, deceased, is a former International Paper employee who lived in Germantown, Tennessee. She was a participant in the Savings Plan, the Retiree Medical Savings Program and the Performance Share Plan.

9. Defendant Tommy Richmond is Paige A. Melvin's former husband.

10. Defendant Tommy Richmond has a potential interest in the Savings Plan, Retiree Medical Savings Program and Performance Share Plan arising from Paige A. Melvin's employment with International Paper.

11. Upon information and belief, Tommy Richmond lives in Memphis, Tennessee.

12. Defendant Russell C. Melvin is Paige A. Melvin's brother and the executor of her estate.

13. Defendant Russell C. Melvin has a potential interest in the benefits at issue in this action in his individual capacity as a potential beneficiary, and in his fiduciary capacity as the Executor of Paige A. Melvin's estate.

14. Defendants Courtney Paige Melvin and Amanda Taylor Melvin are Paige A. Melvin's nieces.

15. Courtney Paige Melvin and Amanda Taylor Melvin have a potential interest in the benefits arising from Paige A. Melvin's employment with International Paper.

16. Defendant Wayne Bockmon has a potential interest in the benefits arising from Paige A. Melvin's employment with International Paper.

17. Paige A. Melvin named Wayne Bockmon as one of the contingent beneficiaries of her Savings Plan account balance.

## Jurisdiction and Venue

18. This Court has original jurisdiction over the Savings Plan and Retiree Medical Savings Program claims pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States, specifically the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1001 *et seq.,* and the Internal Revenue Code of 1986, as amended (the "IRC"), 26 U.S.C. §§ 1 *et seq*.

19. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the Performance Share Plan benefit because that claim is so related to the claims in this action over which the Court has original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

20. Venue is proper in this district pursuant to 29 U.S.C. § 1132(e)(2) because the Savings Plan, Retiree Medical Savings Program and Performance Share Plan are administered in this district, and because Defendants Russell Melvin and Tommy Richmond reside or may be found in this district.

## Factual Background and Claim in Interpleader

21. Paige A. Melvin died on June 7, 2017, at the age of 54, within days of open-heart surgery.

22. At the time of her death, Paige A. Melvin was employed by International Paper and had been employed by International Paper for almost 30 years.

23. At the time of her death, Paige A. Melvin was a participant in the Savings Plan, the Retiree Medical Savings Program and the Performance Share Plan.

24. On or about November 30, 2017, the balance in Paige A. Melvin's Savings Plan account was $996,001.04.

25. As required by ERISA, the Savings Plan specifies the procedure by which participants designate account beneficiaries.

26. During the course of her almost 30-year employment with International Paper, Paige A. Melvin changed her Savings Plan beneficiary designations on multiple occasions. She changed those designations for the last time on June 29, 2016, in the manner prescribed by the Savings Plan.

27. At the time of her death, Paige A. Melvin had designated Defendant Tommy Richmond as the primary beneficiary of her Savings Plan account, and she designated Defendants Russell Melvin and Wayne Bockmon as the contingent beneficiaries of her Savings Plan account.

28. Those beneficiary designations had been made by Paige A. Melvin in the manner prescribed by the plan documents.

29. Plaintiffs have concluded that Tommy Richmond is the properly designated primary beneficiary of the Savings Plan account balance.

30. The Savings Plan has not distributed Paige A. Melvin's Savings Plan account balance due to potential competing claims.

31. On or about November 30, 2017, the balance in Paige A. Melvin's Retiree Medical Savings Program account was $484.76.

32. As required by ERISA, the Retiree Medical Savings Program specifies the procedure by which participants designate account beneficiaries.

39831148.v1

33. At the time of her death, Paige A. Melvin had designated Defendant Tommy Richmond as the primary beneficiary of her Retiree Medical Savings Program account, and she designated Defendant Russell Melvin as the contingent beneficiary of her Retiree Medical Savings Program account.

34. Those beneficiary designations had been made by Paige A. Melvin in the manner prescribed by the plan documents.

35. Plaintiffs have concluded that Tommy Richmond is the properly designated primary beneficiary of the Retiree Medical Savings Program Account balance.

36. The Retiree Medical Savings Program has not distributed Paige A. Melvin's Retiree Medical Savings Program account balance due to potential competing claims.

37. On or about December 8, 2017, Paige A. Melvin's Performance Share Plan benefit had a value of approximately $99,000.

38. At the time of her death, Paige A. Melvin had designated Defendant Tommy Richmond as the primary beneficiary of her Performance Share Plan benefit.

39. At the time of her death, Paige A. Melvin had designated Defendant Russell Melvin as the contingent beneficiary of her Performance Share Plan benefit.

40. Paige A. Melvin made that beneficiary designation consistent with the procedure applicable to the Performance Share Plan.

41. Plaintiffs have concluded that Tommy Richmond is the properly designated primary beneficiary of the Performance Share Plan benefit.

42. The Performance Share Plan has not distributed Paige A. Melvin's Performance Share Plan benefit due to potential competing claims.

43. Defendant Russell Melvin contacted International Paper after Paige A. Melvin's death in his capacity as the executor of her estate. In subsequent communications with International Paper's benefits administrators, he questioned Paige A. Melvin's intent to have Tommy Richmond as her beneficiary.

44. Defendant Russell Melvin stated in communications with Plaintiffs that he had hired two attorneys to pursue various payments and benefits allegedly due from International Paper and its employee benefit plans.

45. In his communications with Plaintiffs, Mr. Melvin questioned whether someone may have unduly influenced Paige A. Melvin's beneficiary designations.

46. In correspondence to International Paper, Defendant Courtney Paige Melvin and Amanda Taylor Melvin have questioned the propriety of International Paper distributing to Defendant Tommy Richmond any funds or benefits arising from Paige A. Melvin's employment with International Paper.

47. In an effort to evaluate Mr. Melvin's claims and concerns, Plaintiffs invited Russell Melvin to participate in a telephone conference call to discuss any evidence he might have regarding Paige A. Melvin's mental capacity, undue influence, or other factors that they believe were influential in Ms. Melvin's beneficiary designations.

48. Russell Melvin refused to participate.

49. Plaintiffs' only interest in this matter is to ensure that the remaining benefits are distributed to the proper beneficiary or beneficiaries.

50. Through their statements and actions, Russell Melvin, Courtney Paige Melvin and Amanda Taylor Melvin have asserted certain alleged entitlement to benefits arising from Paige A. Melvin's employment with International Paper.

51. Plaintiffs cannot distribute the Savings Plan, Retiree Medical Savings Program or Performance Share Plan account balances or benefits without the risk of being subjected to multiple claims by Defendants and the costs, expenses, and multiple payments potentially resulting from such multiple claims or suits.

52. All interested persons have been made parties to this action.

53. Pursuant to 29 U.S.C. § 1132(a)(3), Plaintiffs seek appropriate equitable relief; to wit, a determination of the proper beneficiaries and/or distributees of the benefits at issue here and their discharge from liability arising in connection with their distribution of the same.

WHEREFORE, Plaintiffs request entry of an order:

(i) Restraining and enjoining Defendants from instituting any action or proceeding in any state or United States court against Plaintiffs for distribution of the Savings Plan, Retiree Medical Savings Program and/or Performance Share Plan account balances or benefits payable by reason of the death of Paige A. Melvin;

(ii) Requiring that Defendants litigate or settle and adjust between themselves their claims to the Savings Plan, Retiree Medical Savings Program and Performance Share Plan account balances and benefits, or, upon their failure to do so, that this Court settle and adjust their claims and determine to whom the Savings Plan, Retiree Medical Savings Program and Performance Share account balances and benefits should be distributed;

(iii) Permitting the trustees and/or custodians of the Savings Plan, Retiree Medical Savings Program and Performance Share Plan account balances and accounts to retain those funds and benefits in the ordinary course of plan administration and/or business until such time as Defendants' claims to the Savings Plan, Retiree Medical Savings Program and Performance Share Plan account balances and benefits have been settled or determined; by doing so, the Court

will preserve the rightful beneficiary's right to make a tax-deferred rollover of the Savings Plan Account balance into an eligible retirement plan within 60 days of distribution, to the extent permitted by 26 U.S.C. § 402(c) and in fulfillment of Plaintiffs' fiduciary duties under 29 U.S.C. § 404(a);

(iv)    Dismissing Plaintiffs from this action, with prejudice, and discharging Plaintiffs from any further liability for or arising from the Savings Plan, Retiree Medical Savings Program and Performance Share Plan account balances and benefits payable as a consequence of the death of Paige A. Melvin;

(v)    Awarding Plaintiffs their costs and attorney's fees; and

(vi)    Awarding Plaintiffs such other and further relief as this Court deems just, equitable, and proper.

This 19th day of December, 2017

Respectfully submitted,

INTERNATIONAL PAPER COMPANY,
INTERNATIONAL PAPER COMPANY SALARIED SAVINGS PLAN,
PLAN ADMINISTRATOR, INTERNATIONAL PAPER COMPANY SALARIED SAVINGS PLAN,
INTERNATIONAL PAPER COMPANY RETIREE MEDICAL SAVINGS PROGRAM, and
PLAN ADMINISTRATOR, INTERNATIONAL PAPER COMPANY RETIREE MEDICAL SAVINGS PROGRAM,

By Counsel:    ___s/Todd P. Photopulos_____
Todd P. Photopulos (Tenn. Bar No. 18846)
S. Keenan Carter (Tenn. Bar No. 23386)
BUTLER SNOW LLP
6075 Poplar Avenue, Suite 500
P.O. Box 141433
Memphis, Tennessee 38119
901.680.7344
901.680.7201 (facsimile)

Bruce M. Steen (N.C. Bar No. 30222)*
MCGUIREWOODS LLP
201 North Tryon Street, Suite 3000
Charlotte, NC  28202-2146
704.353.6244
704.353.6200 (facsimile)
bsteen@mcguirewoods.com

*Counsel for Plaintiffs*

*Motion for admission *pro hac vice* to be submitted